**HALTER et v MYERS et**

Ohio Appeals, 9th Dist, Summit Co

No 2538. Decided April 10, 1935

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiffs in error.
Harris Anson, Akron, for defendant in error Leon J. Myers.

334

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error Esther **I.** Myers.

**OPINION**

By WASHBURN, J.

In considering what we say in this case, it should be kept in mind that this is not a case of preference among creditors where trust funds are deposited in a bank which is later liquidated under the banking laws of the state.

As we view it, the circumstances justify the conclusion that the check which was delivered to Myers by said receivers was a part of the receivership estate in the hands of the receivers, in trust, and that Myers, having knowledge of that fact, received the same impressed with said trust, and that, in view of the circumstances under which he received the same, the **mere** relation of debtor and creditor was not created between Myers and said receivers; the receivers, in the proper discharge of their duties as such, did not have the right or power to create the relation merely of debtor and creditor—that is, to loan trust funds to Myers, an individual (**Smith v Fuller, 86 Oh St 57**, later modified to some extent by

the banking laws of the state), and thus preclude themselves from tracing the proceeds of said check into a fund and subjecting the same to the trust. Unless authorized by court, that would be a violation of their plain duty.

The court is not justified in attributing such purpose to the receivers; on the contrary, the circumstances at the time of said transaction, and what was said and done at the time and the subsequent conduct of the parties, justifies the court in finding that it was not the intention of any of the parties to said transaction to merely create the relation of debtor and creditor, but rather to place in Myers' possession, for safekeeping, a part of the assets of the receivership trust to be held by Myers as such, with the expectation that he would deposit said check in a bank for collection and hold the proceeds thereof in trust; and Myers' subsequent conduct in keeping said amount on deposit in said account and arranging for its return before he left for parts unknown and before Mrs. Myers recovered a judgment, is cogent evidence of his attempt to carry out the trust reposed in him by the receivers.

The mere deposit of said check in the bank and the collection by the bank and crediting the same on Myers' said account, while it created the relation of debtor and creditor between Myers and the bank, did not alter the relation between Myers and the recivers, nor prevent the receivers, as against a subsequent judgment creditor of Myers, from tracing the proceeds of said check and fastening a trust thereon.

The proceeds of said check having been traced into said bank account, and proved to have remained there and to be now there (except for the $50 that was withdrawn to pay Myers' attorney fees), Mrs. Myers, by the proceedings in aid, acquired no interest in said trust property, and $598.62 of said account belongs to said receivers.

The judgment entered by the trial court herein, so far as it relates to said $598.62, being contrary to law, is hereby reversed; and proceedings to render the judgment which the trial court should have rendered in reference to said sum, said bank is ordered to pay to said receivers, upon the presentation of said check, the amount thereof, to-wit, $598.62, and charge the same to said account; and as to the balance of said fund, the judgment is affirmed. Judgment for costs, as between Esther I. Myers and said receivers, may be entered against Esther I. Myers.

3 Pomeroy's Equity Jurisprudence (4th ed.), §1048.

Schuyler v Littlefield, Trustee, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806.

**Ohio State Bank & Trust Co. v Biltwell Tire & Rubber Co., 23 Oh Ap 409 (2 Abs 205).**

So far as this record discloses, the balance of said account is subject to said order in aid of execution, and this cause is remanded to the Common Pleas Court for proceedings according to law.

FUNK, PJ, and STEVENS, J, concur in judgment.